**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN F. LANCE,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>MIKE MAHONEY; et al.,<br><br>       Defendants - Appellees. | No. 08-35034<br><br>D.C. No. CV-05-00013-DWM<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted November 17, 2009[**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Montana state prisoner John F. Lance appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action and from the order denying

reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

LA/Research

novo the grant of summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we review for abuse of discretion the denial of a motion for reconsideration, *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court did not abuse its discretion in denying Lance a continuance to conduct discovery and to access his files in storage because Lance failed to show that the evidence sought would defeat summary judgment. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026 (9th Cir. 2006) ("[A] district court abuses its discretion only if ... the movant can show how allowing additional discovery would have precluded summary judgment.").

The district court did not abuse its discretion in denying Lance's motion for reconsideration because Lance failed to establish good cause justifying reconsideration. *See Sch. Dist. No. 1J,*, 5 F.3d at1263 (setting forth elements for reconsideration).

The district court did not abuse its discretion by denying appointment of counsel because Lance had not established probable success on the merits or an inability to articulate his claims in light of the complexity of the issues. *See Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1991).

Nor did the district court abuse its discretion by denying Lance's motion to amend his complaint because Lance did not provide sufficient details so that the district court could determine whether the amendment was appropriate at that late stage. *See Pisciotta v. Teledyne Indus.*, 91 F.3d 1326, 1330 (9th Cir.1996) ("Leave to amend is entrusted to the sound discretion of the trial court and will be reversed only when such discretion has been abused.").

In his opening brief, Lance fails to address, and therefore has abandoned, any contentions regarding the merits of his claims.

 Lance's remaining contentions are unpersuasive.

**AFFIRMED.**